UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KENYA ROSHAY GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV605-119 |
| ) | |
| MIKE KILE, Sheriff, and ) | |
| JAMES E. DONALD, Commissioner, ) | |
| Georgia Department of Corrections, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

The instant 28 U.S.C. § 2241[1] petition was filed on October 31, 2005. Doc. 1. Because it appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be DISMISSED without prejudice for failure to exhaust.

On July 5, 2005, the Screven County grand jury indicted petitioner for one count of perjury and one count of false statements. Resp. Ex. 1. On September 9, 2005, petitioner appeared with counsel in the Screven County

---

[1] As this petition challenges petitioner's confinement prior to his conviction, it is properly brought pursuant to § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

Superior Court for jury trial. Resp. Ex. 2. At trial, petitioner dismissed his counsel and tendered a plea of guilty *pro se*.[2] Resp. Ex. 2. On November 28, 2005, the trial court sentenced petitioner to 4 years' imprisonment as to count two (false statements), to run concurrently with a 5 year sentence for criminal attempt to escape. Resp. Ex. 1.

Petitioner filed the instant petition on October 31, 2005, challenging his pre-trial confinement prior to his November 28, 2005 sentencing proceeding. Respondents move to dismiss the petition as moot and for failure to exhaust. Docs. 6, 8.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in

---

[2]Petitioner pleaded guilty to the count of false statements in return for *nolle prosequi* on the count of perjury. Resp. Ex. 2. Sentencing was set for a future date so that petitioner could prepare and present evidence in mitigation concerning his allegation that he lied (i.e., presented false statements at a trial) because of duress. On that same occasion, petitioner also pleaded guilty to criminal attempt to escape, for which he was sentenced to 5 years in prison.

state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843. The administrative exhaustion requirement also applies to habeas petitions under § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) ("prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements").

Here, petitioner seeks to challenge his pre-sentencing confinement, alleging that his $20,000.00 bond was excessive and should have been set in the "normal range" of $5,000.00.[3] Doc. 1 at 6. There is no indication that petitioner has ever raised this claim in any state court proceeding.[4] Petitioner, therefore, has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. Accordingly, the Court recommends that the instant petition be DISMISSED without

---

[3]The substance of petitioner's arguments regarding his bond are addressed, and denied, in a companion case—a § 1983 claim against the sheriff of Screven County, among others. Green v. Kile, 2006 WL 1805849, *3 (S.D. Ga. June 29, 2006).

[4]Respondent has filed a copy of petitioner's appeal of various matters to the Georgia Court of Appeals. Resp. Ex. 1. Petitioner filed this appeal just days prior to his conviction and sentencing on November 28, 2005. In that appeal, petitioner does not raise the issue of his bond. Further, there is no indication that the appeal was proper, timely, or ruled upon by a state tribunal.

3

prejudice for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.[5]

**SO REPORTED AND RECOMMENDED** this 21ST day of **August, 2006.**

                                                               UNITED STATES MAGISTRATE JUDGE
                                                               SOUTHERN DISTRICT OF GEORGIA

---

[5]It appears that even if petitioner had properly exhausted his state remedies, his claim would be subject to dismissal as moot, for a challenge to pre-conviction confinement is rendered moot by the petitioner's subsequent conviction. See Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988); Traber v. United States, 466 F.2d 483, 485 (5th Cir. 1972); Medina v. California, 429 F.2d 1392 (9th Cir. 1970); see also Garey v. Fed'l Det'n Center, 2006 WL 1379555 (11th Cir. May 22, 2006) (per curiam).